IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAYMOND L. WALKER,**

    Petitioner,

v.                                           Criminal Action No. 3:10CV594

**LARRY T. EDMONDS,**

    Respondent.

**MEMORANDUM OPINION**

Daymond L. Walker has submitted a motion asking for an extension of time in which to file an appeal of the denial of his state habeas petition. This Court does not hear appeals of state habeas proceedings, and Walker must file a new petition under 28 U.S.C. § 2254. Federal Courts, however, lack jurisdiction to consider the timeliness of a § 2254 petition until it is actually filed. Gregory v. Bassett, No. 3:07cv00790, 2009 WL 455267, at *2 (E.D. Va. Feb. 23, 2009); see also United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007) (Nos. 07-6513 & 07-7095) (holding that no case or controversy existed before § 2255 motion was actually filed), available at 2007 WL 4302418, at *1; United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (holding that no case or controversy existed before § 2255 motion was actually filed). Because a § 2254 petition did not accompany Walker's motion for an extension of time and because the motion did not contain any cognizable claims for habeas relief, Walker's motion for an extension of time (Docket No. 1) will be DENIED. See Ramirez v.

United States, 461 F. Supp. 2d 439, 440-41 (E.D. Va. 2006) (citing cases).

This action will be DISMISSED WITHOUT PREJUDICE.

The Clerk is DIRECTED to forward to Petitioner the form for filing a petition under 28 U.S.C. § 2254. Any § 2254 petition that Petitioner files must conform to the rules governing such motions and be sworn to under the penalty of perjury. See Rule 2(c), Rules Governing § 2254 Proceedings in the U.S. District Courts. Petitioner is also advised that § 2254 motions are subject to a one-year statute of limitations and a restriction against second or successive petitions. See 28 U.S.C. §§ 2244(b)(1), (d).

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Walker is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

Let the Clerk send a copy of this Memorandum Opinion to Walker.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: September 14, 2010
Richmond, Virginia